```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
MICHAEL STACKER,                                  :
                                                  :
                        Plaintiff,                :
                                                  :   REPORT AND
            -against-                             :   RECOMMENDATION
                                                  :
DETECTIVE MICHAEL MCFADDEN,                       :   22-CV-1268 (DG)(MMH)
DETECTIVE BRETT HUZAR, and DETECTIVE              :
RIGEL ZELEDON,                                    :
                                                  :
                        Defendants.               :
------------------------------------------------------------------- x
```

**MARCIA M. HENRY**, United States Magistrate Judge:

Plaintiff Michael Stacker, proceeding *pro se*, sued New York City Police Department ("NYPD") Detectives Michael McFadden, Brett Huzar, and Rigel Zeledon pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights related to his arrests and post-arrest detention. (*See generally* Compl., ECF No. 1 at 1–4, 6.)[1] Before the Court is Defendants' motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Def. Mem., ECF No. 50.) The Honorable Diane Gujarati referred the motion for report and recommendation. For the reasons set forth below, the Court respectfully recommends that Defendants' motion should be **granted**.

I.   **BACKGROUND**

   A.   **Factual Allegations**

The following facts are taken from the Complaint, which are accepted as true; the exhibits attached to the Complaint and incorporated by reference; and records of which the

---

[1] All citations to documents filed on ECF are to the ECF document number (*i.e.*, "ECF No. ___") and pagination "___ of ___" in the ECF header unless otherwise noted.

Court may take judicial notice for the purpose of this motion. *See Dorce v. City of New York*, 2 F.4th 82, 88 n.2 (2d Cir. 2021); *see also Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998) ("[A] district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)[.]").[2]

Plaintiff is incarcerated at Wallkill Correctional Facility in upstate New York. (*See generally* Docket.) Defendants are NYPD detectives who, during the events described in the Complaint, were assigned to the 115th Precinct in Queens, New York. (*See* Compl., ECF No. 1 at 2.)

On April 27, 2015, Plaintiff was sentenced to two and one half to five years in state prison for attempted insurance fraud and identity theft offenses under New York law. (Compl. Ex., ECF No. 1-2 at 2 ¶ 1 (Stacker Aff.).) Plaintiff was released on parole on August 7, 2017, and ultimately moved to an apartment located in Staten Island. (*Id.* ¶ 3.) Plaintiff then began employment at his adult grandson's roofing business. (*Id.* ¶ 5.)

Plaintiff alleges Defendants followed him on two occasions. First, on December 1, 2017, Defendants followed Plaintiff for surveillance purposes without any warrant. (Compl., ECF No. 1 at 3.) Then, on February 23, 2018, while Plaintiff gave estimates to his customers for roof and paving repairs, a plainclothes officer approached his car door. (*Id.* at 3–4.) Plaintiff became scared and drove away. (*Id.* at 4.) According to Plaintiff, Defendants falsely

---

[2] In addition to a completed Pro Se Civil Rights Complaint form (Compl., ECF No. 1 at 1–7), Plaintiff also attaches documents filed in his underlying criminal cases on which he has written extensive notes, including submissions appealing his conviction; hearing transcripts related to parole, guilty plea, and sentencing proceedings; and parole revocation documents. (*See generally* Compl. Ex., ECF No. 1-2.) Given Plaintiff's *pro se* status, the Court will construe these comments as part of the factual allegations.

stated that they arrested Plaintiff on February 23, 2018, but the actual arrest date was February 26, 2018. (*Id.*; Compl. Ex., ECF No. 1–2 at 2 ¶ 2 (Stacker Aff.).) Plaintiff also alleges that Defendants informed Plaintiff's parole officer that Plaintiff was in custody as of February 23, 2018. (Compl., ECF No. 1 at 4.)

On March 1, 2018, Plaintiff's parole officer issued warrant #784700 charging Plaintiff with ten violations of parole. (*Id.*; Compl. Ex., ECF No. 1-2 at 74–76 (parole violation report).) Two charges, for threatening the safety of law enforcement officers, included Huzar and Zeledon's allegedly false statements that Plaintiff drove his car onto the sidewalk towards them while fleeing the scene of a crime, injuring Huzar's knee and forcing Zeledon to run to avoid being struck. (Compl. Ex., ECF No. 1-2 at 75 (parole violation report describing charges 7 & 8).) The remaining charges include Plaintiff's failure to inform his parole officers about law enforcement contacts for traffic infractions in January 2018 (charges #2–3), and, for February 23, 2018, his entry into a home under false pretenses and burglary of that home (charges #5–6). (*Id.* at 74–75 (describing charges 1–6, 9 & 10).)

At a preliminary hearing on March 12, 2018, Huzar and Zeledon testified regarding the two charges for threatening law enforcement officers' safety (charges #7–8). (*Id.* at 71 (minute entry); *see also id.* at 85–90, 94–97 (Mar. 12, 2018 hearing transcript).) The hearing officer dismissed those charges after Huzar and Zeledon testified that they had not identified themselves to Plaintiff as police officers, thus negating an element of the charges. (*Id.* at 90–96.) Following a final revocation hearing, Plaintiff pleaded guilty to charge #3, for failure to notify his parole officer about law enforcement contact; the remaining charges were dismissed. (*Id.* at 74–75 (describing relevant charges), 110–13 (parole revocation decision notice).)

Plaintiff was subsequently prosecuted and charged in two indictments with burglary in the second degree, based in part on the same conduct underlying his parole violation charges. (*Id.* at 50:19–21 (June 25, 2018 hearing transcript).)  However, Plaintiff was never positively identified in a lineup. (Compl., ECF No. 1 at 6.)  On October 18, 2019, Plaintiff pleaded guilty in both cases to one count each of burglary in the second degree. (*Id.* at 56–57 (case disposition details); 22–23 (Oct. 18, 2019 plea hearing transcript); *see also* Kassab Decl. Ex., ECF No. 49-1 (certificate of disposition).)   Plaintiff was sentenced on November 1, 2019 to six years imprisonment on each count to run concurrently. (Kassab Decl. Ex., ECF No. 49-1 (certificate of disposition); Compl. Ex., ECF No. 1-2 at 30–31 (uniform sentence & commitment forms).)

Plaintiff alleges that Defendants' "lying of injuries that they sustained and lying about dates of arrests" as well as their "fabricating police reports" led to his false arrest and imprisonment. (Compl., ECF No. 1 at 4–5.)

### B. Procedural History

Plaintiff initiated this action in March 2022. (Compl., ECF No. 1.)  The Court granted Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). (Mar. 28, 2022 Order, ECF No. 6.)  After several delays, all Defendants were served with the summons and Complaint by August 2022. (ECF Nos. 26–27, 38.)

Defendants moved to dismiss on November 28, 2022 and, in a separate filing, advised the Court that Plaintiff did not oppose the motion. (Def. Mem., ECF No. 50; Def. Ltr., ECF No. 51.)  In response to the Court's order, Plaintiff informed the Court that he does, in fact, oppose Defendants' motion. (Dec. 5, 2022 Order; Pl. Ltrs., ECF Nos. 54–55.)  Defendants replied, rejecting Plaintiff's arguments. (Def. Reply, ECF No. 56.)  Judge Gujarati referred the motion for report and recommendation. (Feb. 24, 2023 Order.)  The parties presented

argument at a telephone hearing on May 4, 2023; the Court reserved decision. (May 4, 2023 Min. Entry.) On June 5, 2023, Plaintiff moved to amend his response to the pending motion. (Pl. Mot., ECF No. 73.)[3]

## II. DISCUSSION

### A. Legal Standards

Dismissal under Rule 12(b)(6) is warranted when the complaint does not "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint must "state a claim to relief that is plausible on its face." *Mazzei v. The Money Store*, 62 F.4th 88, 92 (2d Cir. 2023) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "'[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss.'" *Luna v. N. Babylon Teacher's Org.*, 11 F. Supp. 3d 396, 401 (E.D.N.Y. 2014) (quoting *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006)).

Because Plaintiff proceeds *pro se*, his pleadings must be interpreted to "raise the strongest arguments that [they] suggest[]." *Pierre v. City of New York*, 531 F. Supp. 3d 620, 624 (E.D.N.Y. 2021) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000). "'Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere

---

[3] Plaintiff has also filed multiple submissions that re-attach documents previously filed with the Court and/or repeat the allegations in the Complaint. (*See* ECF Nos. 57–70, 72, 75–88.)

5

conclusory statements, do not suffice.'" *Jean-Laurent v. Cornelius*, No. 15-CV-2217 (JGK), 2017 WL 933100, at *1 (S.D.N.Y. Mar. 8, 2017) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).

Liberally construed, the factual allegations in the Complaint raise claims pursuant to 42 U.S.C. § 1983: (1) false arrest and false imprisonment based on Plaintiff's arrest; (2) malicious prosecution based on the parole violation and subsequent criminal prosecution; and (3) denial of a fair trial based on fabricated evidence—specifically, Huzar and Zeledon's false statements about Plaintiff driving into them and Defendants' false statements about arresting Plaintiff on February 23, 2018.

Under Section 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . causes . . . the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]" 42 U.S.C. § 1983. To maintain a § 1983 claim, a plaintiff must show that (1) the person who committed the complained-of conduct acted under color of state law and (2) that conduct must have deprived the plaintiff of rights under the Constitution or federal laws. *Keles v. Davalos*, No. 19-CV-3325 (DG)(TAM), 2022 WL 17495048, at *8 (E.D.N.Y. Nov. 23, 2022) (citing *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

### B. False Arrest and False Imprisonment

"A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures . . . is substantially the same as a claim for false arrest under New York law." *Kee v. City of New York*, 12 F.4th 150, 158 (2d Cir. 2021)

6

(quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). Further, "[f]alse arrest is 'a species of false imprisonment' and the analysis for false arrest is the same as that of false imprisonment." *Jean-Laurent*, 2017 WL 933100, at *5 (quoting *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) and citing *Jenkins v. City of New York*, 478 F.3d 76, 88 n.10 (2d Cir. 2007)).

"In New York, to prevail on a false arrest claim, a plaintiff must show that: '(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'" *Guan v. City of New York*, 37 F.4th 797, 804 (2d Cir. 2022) (quoting *Curry v. City of Syracuse*, 316 F.3d 324, 335 (2d Cir. 2003)).

Plaintiff cannot recover damages in a section 1983 action "for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he demonstrates that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). "This is so, as the Supreme Court reasoned, because to find otherwise would effectively allow a convicted criminal defendant to collaterally attack a conviction through a civil suit." *Leach v. City of New York*, No. 20-CV-854 (LDH)(JRC), 2022 WL 4468288, at *2 (E.D.N.Y. Sept. 26, 2022) (citing *Heck*, 512 U.S. at 484). Plaintiff does not and cannot allege that his conviction or sentence has been reversed or otherwise called into question, because the New York State Appellate Division, Second Department, affirmed Plaintiff's conviction and sentence on appeal. *People v. Stacker*, 167 N.Y.S.3d 800 (mem.),

7

*leave to appeal denied*, 38 N.Y.3d 1153 (2022) (tbl.). Accordingly, Court respectfully recommends that Plaintiff's false arrest and false imprisonment claims should be dismissed.[4]

### C.  Malicious Prosecution

"Malicious prosecution claims sound in the Fourth Amendment, which proscribes the 'wrongful initiation of charges without probable cause.'" *Barnes v. City of New York*, 68 F.4th 123, 128 (2d Cir. 2023) (quoting *Thompson v. Clark*, 142 S. Ct. 1332, 1337 (2022)). "To prevail on a malicious prosecution claim under New York law and federal law, a plaintiff must show: '(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice.'" *Kee*, 12 F.4th at 161–62 (quoting *Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 195, 734 N.E.2d 750, 752 (2000)).

Plaintiff's malicious prosecution claim fails because he cannot establish the second element: that the termination of the proceeding ended in his favor. "[A] Plaintiff must plead that 'the criminal prosecution ended without a conviction,' a result that Plaintiff cannot plead." *Amigon v. Luzon*, No. 21-CV-02029 (PMH), 2023 WL 316487, at *3 (S.D.N.Y. Jan. 19, 2023) (citing *Thompson*, 142 S. Ct. at 1341). As Plaintiff concedes, he pleaded guilty to two charges relating to his arrest on February 26, 2018. First, he pleaded guilty to violating his condition

---

[4] Though Defendants do not raise this issue, Plaintiff's false arrest and false imprisonment claims also appear to be time-barred. The statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the plaintiff becomes detained pursuant to legal process. *Wallace v. Kato*, 549 U.S. 384, 397 (2007). In New York, such actions are subject to a three-year statute of limitations. *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023) (citing, *inter alia*, N.Y. C.P.L.R. § 214). Plaintiff's arrest-related claims began to accrue when he was arrested and charged in February 2018. He filed the Complaint in this case in March 2022, over one year after the limitation period expired in February 2021. Therefore, his claims could be dismissed as time-barred. *Id.* at 127–28.

of parole for failing to notify law enforcement of his contact with law enforcement in January 2018.  (Compl., ECF No. 1-2 at 110–13 (parole revocation decision notice).)  Second, on October 18, 2019, he pleaded guilty to burglary in the second degree as charged in two cases, one of which related to a burglary on February 23, 2018, consistent with the parole violation charges #5–6.  (Compl. Ex., ECF No. 1-2 at 21–25 (guilty plea transcript), 28 (sentencing transcript), & 74–75 (parole violation report).)  Plaintiff therefore cannot allege a favorable termination of his underlying criminal cases for the purpose of a malicious prosecution claim.  For this reason, the Court respectfully recommends that Plaintiff's malicious prosecution claim should be dismissed.

### D.    Fabricated Evidence[5]

"[A] Section 1983 plaintiff may sue for denial of the right to a fair trial based on a police officer's fabrication of information . . . when the information fabricated is the officer's own account of his or her observations of alleged criminal activity, which he or she then conveys to a prosecutor."  *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 274 (2d Cir. 2016) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123 (2d Cir. 1997)).  "To succeed on a fabricated-evidence claim, a plaintiff must establish that 'an (1) investigating official (2) fabricate[d] information (3) that is likely to influence a jury's verdict, (4) forward[ed] that information to prosecutors, and (5) the plaintiff suffe[red] a deprivation of life, liberty, or property as a result.'"  *Ashley v. City of New York*, 992 F.3d 128, 139 (2d Cir. 2021) (alterations

---

[5] The Second Circuit has stated, "Although our Court has frequently referred to this claim as a 'fair trial claim,' we adopt the term 'fabricated-evidence claim' to avoid confusion given the facts of the case. . . . [A] claim for fabricated evidence does not require that a plaintiff have been subjected to a trial; it is enough that the fabrication results in a deprivation of the plaintiff's liberty."  *Ashley v. City of New York*, 992 F.3d 128, 132 (2d Cir. 2021) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997) and *McDonough v. Smith*, 139 S. Ct. 2149, 2155 (2019)).

9

in original) (quoting *Garnett*, 838 F.3d at 279).  "[A] fair trial claim based on fabricated evidence does not accrue until the underlying criminal proceeding terminates in the plaintiff's favor."  *Kee*, 12 F.4th at 169 (citing *McDonough v. Smith*, 139 S. Ct. 2149, 2158–61 (2019)).

Here, Plaintiff's fabricated-evidence claim fails because the allegations in the Complaint do not rise to the level of a constitutional violation.  Plaintiff alleges that Huzar and Zeledon lied when they told his parole officer that he drove into them as they approached his car, and all Defendants falsely stated his arrest date as February 23, 2018.  (*See* Compl., ECF No. 1 at 1-2 at 2 ¶ 2.)  Even assuming the truth of Plaintiff's allegations, which the Court must do at this stage, they do not give rise to a violation of Plaintiff's "right to due process under the Fifth and Fourteenth Amendments."  *Barnes*, 68 F.4th at 129.  The differences in the dates of arrest are immaterial and irrelevant to the parole violation proceedings.  Further, while the parole hearing officer dismissed the two violation charges for threatening the safety of law enforcement officers, Huzar and Zeledon's allegedly false statements are not material because they do not form the basis for the additional parole violations against Plaintiff or the later indictments against him.  The parole violation report states that Plaintiff was arrested pursuant to an investigation "in which he was alleged to have burglarized the homes of elderly victims by portraying himself as a utility worker." (Compl. Ex., ECF No. 1-2 at 73.)  This conduct was the basis for at least one indictment against him, as the prosecutor stated to the judge at the plea hearing.  (*Id.* at 23–24 (requesting an order of protection for the same complainant named in the parole violation report).)   Finally, though Plaintiff believes that all charges against him were dismissed, the record he provides to the Court reflects that the parole violation charges were resolved with his guilty plea to charge #1 and that the remaining

10

indictment charges, including a hate crime, were dismissed upon his plea to the burglary charge. (*Id.* at 22–24.)

For these reasons, the Court respectfully recommends that Plaintiff's fabricated evidence claim should be dismissed.

### E. Leave to Amend

"A *pro se* complaint 'should not be dismissed without the [c]ourt's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Cass v. United States Dist. Ct., E. Dist. of New York*, No. 20-CV-6071 (KAM), 2021 WL 1124540, at *7 (E.D.N.Y. Mar. 24, 2021) (quoting *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013)) (alterations omitted). "Yet while *pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." *Williams v. Dempsey*, No. 22-CV-4746(GRB)(LGD), 2022 WL 20622843, at *5 (E.D.N.Y. Oct. 21, 2022) (cleaned up). In this case, the Court respectfully recommends that leave to amend should be denied as futile for the reasons stated above.

### III.   CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Defendants' motion to dismiss at ECF No. 50 should be **granted** with prejudice and that Plaintiff's motion to amend his opposition at ECF No. 73 should be **denied as moot**.

A copy of this Report and Recommendation is being served on Defendant via ECF. The Clerk of Court is respectfully directed to serve a copy of this Report and Recommendation to Plaintiff at the following address: Michael Stacker, DIN #19-R-2165, Wallkill Correctional Facility, Route 208, Box G, Wallkill, New York 12589-0286.

11

Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge Gujarati. If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
March 13, 2024

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge